UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL E. INMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00269-JPH-MG |
| ) | |
| V. DEAKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Michael Inman, Jr. is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He alleges in this civil action that the defendants failed to mail his court documents leading to the dismissal of his criminal appeal in state court. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint alleges that five mail room employees who worked on the date that Mr. Inman submitted his state court documents for mailing failed to mail the documents or notify him of any deficiency requiring his attention before mailing. As a result, his belated criminal appeal was dismissed. He seeks compensatory and punitive damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Inman's claim that the denial of his grievances violated the Constitution is **dismissed**. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). As explained in *Antonelli*, "any

2

right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." 81 F.3d at 1430-31 (internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

Second, Mr. Inman's First Amendment access-to-courts claim **shall proceed** as pleaded in the complaint. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (holding that a prisoner's right of access to courts is violated if the defendant's conduct prejudiced a potentially meritorious claim for relief). This is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 1, 2024,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/8/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL E. INMAN, JR.
984424
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    V. Deakins
    Kyra Hess
    A. Wallace
    M. Thompson
    C. Stevenson
        (All at Wabash Valley Correctional Facility)