UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL E. INMAN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> V. DEAKINS, et al., ) <br> ) <br> Defendants. ) | No. 2:23-cv-00269-JPH-MG |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff Michael Inman, Jr. is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He alleges in this civil action that the defendants failed to mail his court documents leading to the dismissal of his criminal appeal in state court. Before Defendants answered the complaint, Mr. Inman filed an amended complaint, seeking to add claims against Caseworker R. Howard and to reassert claims previously dismissed in the Court's Screening Order. Because Mr. Inman is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendant.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

The amended complaint alleges that Mr. Inman's caseworker, and five mail room employees who worked on the date that Mr. Inman submitted his state court documents for mailing, failed to mail the documents or notify him of any deficiency requiring his attention before mailing. As a result, his belated criminal appeal was dismissed. He seeks compensatory and punitive damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Inman's claim that the denial of his grievances violated the Constitution is again **dismissed**. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54

(7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). As explained in *Antonelli*, "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." 81 F.3d at 1430-31(internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

Second, Mr. Inman's First Amendment access-to-courts claim **shall proceed** as pleaded in the amended complaint. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (holding that a prisoner's right of access to courts is violated if the defendant's conduct prejudiced a potentially meritorious claim for relief). This is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 4, 2024,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to add Caseworker R. Howard as a defendant on the docket. The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process electronically to defendant R. Howard in the manner specified by Rule 4(d).

Process shall consist of the amended complaint (dkt. [23]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 3/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL E. INMAN, JR.
984424
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All electronically registered counsel

Electronic service to Indiana Department of Correction:
 R. Howard at Wabash Valley Correctional Facility